UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-22031-CIV-MARTINEZ/SANCHEZ

BENZO ELIAS RUDNIKAS,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION ON JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH RESERVATION OF ANCILLARY JURISDICTION

This matter is before the Court on the Joint Motion for Approval of Settlement Agreement with Reservation of Ancillary Jurisdiction, ECF No. 141, filed jointly by the Plaintiff and Defendant Adrian Blue Therapy Center, LLC ("Adrian Blue") (collectively, "the Settling Parties").[1]

The Settling Parties have notified the Court that they reached a settlement agreement wherein Defendant Adrian Blue agreed to cancel its purchase offer of the real property parcel located at 3670 NW 6th Street, Miami, FL 33125, in full settlement and Plaintiff agreed in exchange to dismissal with prejudice of the Plaintiff's claims against Adrian Blue. *See* ECF No. 141 at 1; *see also* ECF No. 141-1 (Settlement Agreement); ECF No. 132 (Joint Notice of Settlement). Based on the parties' initial joint notice of settlement, ECF No. 132, the Honorable Jose E. Martinez, United States District Judge, had previously ordered the Settling Parties to "file either a Notice of Dismissal (if Defendant has not served an answer or motion for summary judgment) or a Stipulation of Dismissal (signed by all parties who have appeared in this action)."

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred the joint motion to the undersigned. ECF No. 82.

ECF No. 134 (Sep. 9, 2024 Order on Notice of Settlement). The Court warned the Settling Parties that should they fail to comply with the Court's order, "the Court shall dismiss this case without prejudice without any further warning." *Id.* The Settling Parties thereafter filed their joint motion asking the Court to approve their settlement agreement and reserve and retain ancillary jurisdiction to enforce the agreement's terms. ECF No. 141.

Because the Settling Parties' joint motion necessarily seeks court-ordered dismissal of the Plaintiff's action against Defendant Adrian Blue to effectuate their settlement, the undersigned construes the Settling Parties' joint motion as a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).[2] *See* ECF No. 141; *see also* Fed. R. Civ. P. 41(a)(2); *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012) (considering a request to retain jurisdiction and the need for further court action when determining whether a plaintiff's filing should be construed as a motion requesting dismissal under Rule 41(a)(2)); *Ain Jeem, Inc. v. Individuals*, No. 23-13380, 2024 WL 4338366, at *3 (11th Cir. Sep. 23, 2024) (citing *Sanchez v. Disc. Rock & Sand, Inc.*, 84 F.4th 1283, 1290-1293 (11th Cir. 2023)) ("Although the order did not cite Rule 41(a)(2), we have concluded that even orders that cite Rule 41(a)(1) can constitute valid Rule 41(a)(2) orders that can cure invalid Rule 41(a)(1) stipulations or notices.").

Rule 41(a)(2) allows a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Thus, under the rule, "the court has discretion to dismiss the case through an order and to specify the terms of that dismissal." *Anago Franchising, Inc.*, 677 F.3d at 1273. Dismissal is appropriate under these circumstances given the

---

[2] The undersigned notes that the Settling Parties have expressly stated that their joint motion is filed "in compliance with the Court's Order on Notice of Settlement." ECF No. 141 at 1. Construed as anything other than a stipulation or notice of dismissal or a motion for dismissal under Rule 41, the Settling Parties' motion would not be in compliance with the Court's September 9, 2024 Order on Notice of Settlement, and the Plaintiff's claims against Defendant Adrian Blue would be independently subject to dismissal for non-compliance with that Order. *See* ECF No. 134.

2

Settling Parties' settlement agreement and their request that the Court enforce the settlement agreement, which provides for dismissal with prejudice of the Plaintiff's claims against Adrian Blue.

The Settling Parties also ask that the terms of the Court's dismissal order include approval of the Settling Parties' settlement agreement and reservation of jurisdiction by the Court to enforce the terms of the agreement.  *See* ECF No. 141.  However, the Settling Parties have not provided any authority, statutory or otherwise, for the Court to exercise approval of their agreement or any reason warranting the Court's retention of federal jurisdiction to enforce the agreement, *id.*; thus, neither is a "term[] that the court considers proper" under the circumstances presented in this case. Fed. R. Civ. P. 41(a)(2).  Accordingly, while the undersigned recognizes the agreement reached by the Settling Parties and its resolution of the litigation between them, the undersigned recommends that the Court decline to either approve or disapprove their settlement agreement and that the Court further decline to retain jurisdiction to enforce the terms of the agreement.

This recommendation "does not leave the parties without a remedy—they may seek to enforce the settlement agreement in state court." *Anago Franchising, Inc.*, 677 F.3d at 1281 (citing *Kokkonen v. Guardian Life Insurance of America*, 511 U.S. 375, 382 (1994)) ("[E]nforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."). "Settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract."  *Id.* ("When the settlement agreement is not made part of a court order, it is merely a private contract arising out of a case in federal court . . . .").  Given that the Settling Parties' agreement concerns real property located in Florida, *see* ECF No. 141-1, the Settling Parties can enforce their agreement in Florida state court, and there is no reason for this Court to retain jurisdiction following dismissal.  *See Anago Franchising, Inc.*, 677 F.3d at 1281 (recognizing that a settlement agreement "does not require adjudication by the same court" that presided over the case from which the agreement arose).

Accordingly, for the reasons explained above, the undersigned **RESPECTFULLY RECOMMENDS** that the Joint Motion for Approval of Settlement Agreement with Reservation of Ancillary Jurisdiction, ECF No. 141, be **GRANTED IN PART AND DENIED IN PART**, and that the Court dismiss the Plaintiff's claims against Defendant Adrian Blue Therapy Services, LLC with prejudice but deny the Settling Parties' request for the Court to approve their settlement agreement and retain jurisdiction to enforce its terms.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  The parties shall accordingly have four (4) days from the date of receipt of this Report and Recommendation, <u>**or until Tuesday, February 11, 2025**</u>, to serve and file written objections, if any, to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 7th day of February 2025.

EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Jose E. Martinez
      Counsel of Record
      Benzo Elias Rudnikas, *pro se*
            *via E-mail and U.S. Mail*