UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-22031-CIV-MARTINEZ/SANCHEZ

BENZO ELIAS RUDNIKAS,

     Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

     Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RULE 41(A)(2) MOTION FOR COURT ORDERED DISMISSAL OF THIS ACTION AS TO CERTAIN DEFENDANTS WITHOUT PREJUDICE**

This matter is before the Court on the Plaintiff's Rule 41(a)(2) Motion for Court Ordered Dismissal of this Action as to Certain Defendants Without Prejudice for Plaintiff to Continue Pursuing Claims in *Rudnikas v. Fidelity Brokerage Services, LLC, et al.*; Case # 1:24-CV-24547-JEM. ECF No. 156. Having considered the Plaintiff's motion, the Defendants' responses (ECF Nos. 158, 159, 160, 161, 162, 163), the record in this case, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Rule 41(a)(2) Motion for Court Ordered Dismissal of this Action as to Certain Defendants Without Prejudice for Plaintiff to Continue Pursuing Claims in *Rudnikas v. Fidelity Brokerage Services, LLC, et al.*; Case # 1:24-CV-24547-JEM, ECF No. 156, be **GRANTED** and that the Plaintiff's claims against the Defendants be dismissed without prejudice.

The Plaintiff commenced this action against the Defendants alleging claims for violations of the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), the Rehabilitation Act of 1973 (29 U.S.C. § 794 *et seq.*), and the Civil Rights Conspiracy Act of 1871 (42 U.S.C. § 1985(2)), as

well as additional claims based in Florida common and statutory law, for conduct involving Florida state probate and guardianship proceedings. *See* ECF No. 73; *see also* ECF No. 1. The Plaintiff now seeks to dismiss without prejudice his claims against all of the remaining Defendants by order of this Court to allow the Plaintiff "to continue pursuing his claims" in *Rudnikas v. Fidelity Brokerage Services, LLC*, No. 24-24547-JEM, in which he is also the plaintiff and which, according to the Plaintiff, already asserts all of the claims that the Plaintiff could assert in the instant case. ECF No. 156.[1]

Rule 41(a)(2) allows a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule is principally intended to protect the interests of the defendant, but dismissal "should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit.*" *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original); *see also Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1502 (11th Cir. 1991) (per curium) ("[W]hen exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."). "[T]he district court must exercise its broad equitable power under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857. "Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." *Id.* (citing *American Cyanamid Company v. McGhee*, 317 F.2d 295, 298 (5th Cir. 1963)). Thus, under

---

[1] The Plaintiff's motion does not extend to his claims against defendant Adrian Blue Therapy Center, LLC, with which the Plaintiff has already settled. ECF No. 156 at 1. The dismissal of those claims are the subject of a separate report and recommendation. *See* ECF No. 165.

the rule, "the court has discretion to dismiss the case through an order and to specify the terms of that dismissal." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1276 (11th Cir. 2012).

Here, none of the Defendants argue that they will suffer clear legal prejudice beyond the prospect of facing additional lawsuits following the dismissal of the Plaintiff's claims in this case. *See* ECF Nos. 158-163. Defendants Alex Cuello PA, Stokes & Gonzalez, P.A., and the Law Office of Fausto A. Rosales ask the Court to grant the Plaintiff's motion, albeit with conditions. *See* ECF Nos. 158, 159, 161. Defendant Stokes & Gonzalez, P.A. plainly states that it "is not claiming that it will suffer clear legal prejudice if the voluntary dismissal is granted." ECF No. 159 at 2. And, although the State Defendants[2] "seek an adjudication on the merits," ECF No. 162 at 1, and Defendants Mercedes Gonzalez, the Billbrough Firm, P.A., and Luis E. Barreto & Associates, P.A. call a court-ordered dismissal "unnecessary," ECF No. 160 at 6, neither response in opposition to the Plaintiff's motion explains how those Defendants will be harmed *by the dismissal*, let alone how they will suffer any clear legal prejudice other than the prospect of a subsequent suit. *See* ECF Nos. 160, 162. Accordingly, dismissal is appropriate. *See McCants*, 781 F.2d at 857.

However, *all* of the Defendants ask that the Court exercise its discretion and impose at least some conditions on the dismissal of the Plaintiff's claims, such as requiring the Plaintiff to pay the Defendants' attorneys' fees and costs in the instant case and/or in the Plaintiff's previous voluntarily dismissed action (Case No. 1:23-21201-CV-JEM/EIS). *See* ECF Nos. 158-161, 163; *see also* ECF No. 162. However, none of the Defendants points to "a federal statute or an enforceable contract" that would provide them with an entitlement to fees even if they were to prevail in this case. *See In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) ("Generally, in

---

[2] The "State Defendants" include Governor Ron DeSantis, "The State of Florida," The Eleventh Juridical Circuit of Florida, Judge Nushin G. Sayfie, Judge Jorge E. Cueto, and Barbara A. Junge.

federal litigation, . . . a prevailing litigant may not collect an attorney's fee from his opponent unless authorized by either a federal statute or an enforceable contract between the parties."); *see also, e.g.*, *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252-53 (2010)).   Accordingly, the undersigned will not recommend that a condition requiring the *present payment* of attorneys' fees and costs be placed on dismissal.  Instead, given the Plaintiff's representation that he seeks dismissal only so that he can "continue pursuing his claims" in a consolidated posture in the already-filed *Rudnikas v. Fidelity Brokerage Services, LLC*, Case No. 24-24547-JEM, and given the appropriateness of protecting the Defendants from having to pay duplicate fees for their attorneys' efforts if Plaintiff's claims in this action were reasserted in a later action, the undersigned recommends that dismissal of the Plaintiff's claims be subject to the following condition:  Should the Plaintiff file a subsequent action against any of the Defendants named in this action based on the claims asserted in this action or arising under the factual circumstances asserted in this action, or should Plaintiff seek to amend the complaint in any existing case to add any of the claims or factual circumstances asserted in this action, then the Plaintiff must pay such Defendant's attorneys' fees and costs arising from the instant case before instituting such subsequent action or before seeking to amend his complaint in an existing action.  This result will allow the Plaintiff to continue pursuing his claims in the already-filed Case No. 24-24547-CV-JEM while also protecting Defendants from having to incur new, duplicate fees and costs to relitigate this case in a subsequent action.

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that the Plaintiff's Rule 41(a)(2) Motion for Court Ordered Dismissal of This Action as to Certain Defendants Without Prejudice for Plaintiff to Continue Pursuing Claims in *Rudnikas v. Fidelity Brokerage Services, LLC, et al.*; Case # 1:24-CV-24547-JEM, ECF No. 156, be **GRANTED** and that the Plaintiff's claims against the Defendants be dismissed without prejudice with the condition

that if the Plaintiff files a subsequent action against any of the Defendants named in this action based on the claims asserted in this action or arising under the factual circumstances asserted in this action, or if the Plaintiff seeks to amend the complaint in any existing case to add any of the claims or factual circumstances asserted in this action, then the Plaintiff must pay such Defendant's attorneys' fees and costs arising from the instant case before instituting the subsequent action or before seeking to amend his complaint in an existing action.

The undersigned **FURTHER RECOMMENDS** that any motion still pending at the time of the Court's dismissal of the Plaintiff's claims in this action be **DENIED AS MOOT**.  The undersigned has recommended that the Court dismiss the Plaintiff's claims against Defendant Adrian Blue Therapy Center, LLC, pursuant to their settlement agreement, *see* ECF No. 165, and the undersigned now recommends that the Plaintiff's claims against the remaining Defendants be dismissed.  As a result, none of the parties will remain in this action, and all pending motions in this case should be denied as moot.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  The parties shall accordingly have seven (7) days from the date of receipt of this Report and Recommendation, **that is, until Friday, February 14, 2025**, to serve and file written objections, if any, to this Report and Recommendation.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,

474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 7th day of February 2025.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:     Jose E. Martinez
        Counsel of Record
        Benzo Elias Rudnikas, *pro se*
            *via E-mail and U.S. Mail*